**NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, INC., by its VOLUSIA COUNTY BRANCH; Dr. Lawrence R. Durham; Rev. John T. Long, III; and Cynthia Slater, Plaintiffs,**

v.

**Deanie LOWE, as Volusia County Supervisor of Elections, Defendant.**

**No. 6:04–CV–1469–ORL–18K.**

United States District Court, M.D. Florida, Orlando Division.

Oct. 19, 2004.

Sam Jones Smith, Burr & Smith, LLP, Tampa, FL, for Plaintiffs.

## *ORDER*

SHARP, Senior District Judge.

This CAUSE comes before the Court upon Plaintiff's Stipulation and Order of Settlement and Dismissal.

The National Association for the Advancement of Colored People, Inc., (the "NAACP") requested an injunction requiring Volusia County to open an early voting site in Daytona Beach. At the time of the complaint's filing, Volusia County had designated early voting at the main office of the Department of Elections, located in DeLand, to commence on October 18, 2004, in accordance with *Fla. Stat. Ann.* § 101.657 (West 2004). By not designating an early voting site in Daytona Beach, the NAACP asserted that the County intended to discourage early voting in the "heavily African–American"[1] Daytona Beach community, thereby allegedly violating 42 U.S.C. § 1973 and 42 U.S.C. § 1983. Since the filing of this action, Volusia County has agreed to open not only an early voting site at the Daytona Beach City Island Library, but also early voting sites in Deltona and New Smyrna. Like the early voting site in DeLand, the Coun-

---

1. Complaint, ¶ 2.

ty promises that these additional sites will be operational on October 18, 2004.

■ The federal judicial power extends only to "cases or controversies." U.S. Const. art. III, sec. 2; *Atlanta Gas Co. v. Aetna Cas. and Sur. Co.*, 68 F.3d 409, 414 (11th Cir.1995). "The doctrine of mootness derives directly from the case-or-controversy limitation because an action that is moot cannot be characterized as an active case or controversy." *Florida Pub. Interest Research Group Citizen Lobby, Inc. v. E.P.A.*, 386 F.3d 1070, 1085 (11th Cir.2004) (citation omitted). "A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Id.* (citation omitted). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* (citation omitted). Because mootness is jurisdictional, dismissal is mandated. *Id.* (citation omitted). "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Id.* (citation omitted).

■ The Court is aware that "voluntary cessation of allegedly illegal conduct does not moot a case; if it did, the courts would be compelled to leave the defendant ... free to return to his old ways.'" *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203, 89 S.Ct. 361, 21 L.Ed.2d 344 (1968). However, a finding of mootness is appropriate "when there is no reasonable expectation that the voluntarily ceased activity will, in fact, actually recur after the termination of the suit." *Troiano v. Supervisor of Elections in*

*Palm Beach County, Fla.* 382 F.3d 1276, 1278 (11th Cir.2004) (citing *United States v. W.T. Grant Co.*, 345 U.S. 629, 633, 73 S.Ct. 894, 97 L.Ed. 1303 (1953)). "Moreover, when the defendant is not a private citizen but a government actor, there is a rebuttable presumption that the objectionable behavior will *not* recur." *Id.* (citing *Coral Springs St. Sys., Inc. v. City of Sunrise*, 371 F.3d 1320, 1328–29 (11th Cir. 2004)). At this late time, with the early voting process already begun, the NAACP has offered no evidence that Volusia County will break its promise to provide early voting in Daytona Beach. There is nothing, therefore, to keep this Court from the reasonable expectation that Volusia County will do exactly what it has promised to do: facilitate early voting in Daytona Beach.

■ By initially providing early voting at the main office of the Department of Elections, the Volusia County Supervisor fully satisfied the requirements of the Florida Early Voting Statute. Under the statute, the supervisor was not required to open additional sites. The statute states that "the supervisor *may* designate any city hall or public library as early voting sites." *Fla. Stat. Ann.* § 101.657(1)(a)(West 2004)(emphasis added). By using the modifier, "may," the Florida legislature clearly intended that such a decision was to be within the sound discretion of the Supervisor of Elections.[2] This Court cannot modify the clear meaning of the statute.

Because Volusia County has additionally designated Daytona Beach City Island Library as an early voting site, this case is

---

**2.** However, once the decision is made to open an additional site, the statute states that "the sites must be geographically located so as to provide all voters in the county an equal opportunity to cast a ballot, insofar as is practicable." *Fla. Stat. Ann.* § 101.657(1)(a)(West

2004). Because of the "equal opportunity" requirement, a supervisor's decision to open one additional site will often mandate the opening of even more sites, which in turn, will feasibly require more staff, more equipment, and more funding.

moot and dismissed for lack of subject matter jurisdiction pursuant to *Fed. R.Civ.P.* 12(b)(1).

### *CONCLUSION*

For the foregoing reasons, the Court rules as follows:

It is **ORDERED** and **ADJUDGED** that this case be **DISMISSED WITH PREJU-DICE**. All other pending motions are **DENIED AS MOOT**. The Clerk of the Court is directed to **CLOSE THE CASE.**